# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| WORTH INDUSTRIES, INC., d/b/a GMSM | PLAINTIFF |
| v. | CAUSE NO. 1:17CV352-LG-RHW |
| TALON ELECTRICAL AND MECHANICAL GROUP, LLC, RANDALL W. MOORE, and JOHN DOE DEFENDANTS 1-10 | DEFENDANTS |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is the [27] Motion for Default Judgment filed by Plaintiff Worth Industries, Inc., d/b/a GMSM ("Worth"), requesting that a default judgment be entered against both named defendants for their failure to comply with discovery obligations and Court orders. The Motion has been fully briefed. After due consideration, the Court concludes that a default judgment is not appropriate. The Motion will be denied.

### I. BACKGROUND

Worth filed its original complaint in December 2017 against Talon Electrical and Mechanical Group, LLC. Following a case management conference, the parties engaged in limited discovery. Thereafter, Worth filed an amended complaint adding claims against a member of the Talon LLC – Randall W. Moore.

Before Moore answered the amended complaint, the magistrate judge conducted a telephonic discovery conference to inquire into the reason that Talon had not timely responded to discovery. Defense counsel was directed to provide

complete discovery responses no later than July 30, 2018. (*See* Minute Entry Order, July 18, 2018.) The next day (July 19, 2018), a new attorney filed answers to the amended complaint on behalf of Talon and Moore. (*See* ECF Nos. 20, 21.)

On August 6, Worth filed a motion to compel, asserting that Talon had failed to meet the July 30 deadline. (*See* Worth Mot. to Compel, ECF No. 22.) Talon did not respond to the motion to compel. Accordingly, the motion was granted, and Talon was ordered to provide complete discovery responses within seven days and pay $582.50 in attorneys' fees within twenty days. (*See* Order, ECF No. 25.) About three months later, having received no discovery responses or payment, Worth filed this Motion for Default Judgment. Talon and Moore each filed a response in opposition.

## II. LEGAL STANDARD

The Court considers Worth's motion under Rule 37(b). Rule 37(b)(2)(A) grants a court authority to sanction a party for failure to obey an order "to provide or permit discovery." Such sanctions "may include . . . dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." *Id*. "When a district court awards default judgment as a discovery sanction, two criteria must be met. First, the penalized party's discovery violation must be willful. Second, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect." *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008) (internal citations omitted). "The reviewing court may also consider whether the

discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id.* (citation omitted).

Whether to issue default judgment is "committed to the discretion of the district judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgments are typically appropriate only when a party has abandoned the case and "the adversary process has been halted because of [the] essentially unresponsive party." *Sun Bank of Ocala*, 874 F.2d at 276 (citations omitted).

### III. ANALYSIS

Initially, the Court finds that the Rule 37(b) sanction of default judgment against Randall Moore is not warranted. He has not been the subject of a motion to compel, and it appears from the emails attached as an exhibit to Plaintiff's motion that Plaintiff failed to serve its discovery requests on Moore until August 6 – the same day the motion to compel directed to Talon was filed. (Pl. Mot. Ex. 1, ECF No. 27.) Although Worth asserts in his reply brief that Moore has still not provided initial disclosures or responded to discovery requests, default judgment is not an appropriate sanction at this point. Should Moore continue with noncompliance, Worth is encouraged to bring the issue before the Magistrate Judge so that the facts may be established.

As for Talon's failures to cooperate with discovery and obey the Court's orders, it is not clear that Talon's violations leading up to the Order to Compel were willful. Instead, it appears that the violations may have been due to Talon's previous counsel. With new counsel, Talon requested an opportunity to comply with its obligations in its response to the Motion for Default Judgment and immediately forwarded a check to Talon for the attorneys' fees award. (Talon Resp. 4, ECF No. 30.) Worth replied that Talon had still not provided the "full discovery" ordered by the Court, despite having additional time to do so. Once again, Worth's assertions of continued noncompliance by Talon should be subjected to fact finding. The Court declines to order the drastic remedy of default judgment on the record as it now exists. Additionally, the parties are encouraged to confer in good faith to resolve outstanding discovery issues and, if necessary seek the guidance and assistance of the magistrate judge.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [27] Motion for Default Judgment filed by Plaintiff Worth Industries, Inc., d/b/a GMSM, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE